UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Yasharahla Kusso
100 Trowbridge Road
Columbia, SC 29229
Plaintiff,

Jury Trial Demanded

V.

StarMark Financial LLC
Defendant,

Case No.   3:25-cv-13193-JDA-SVH

## COMPLAINT AND DEMAND FOR JURY

### I. INTRODUCTION

1. This civil matter is for actual and statutory damages brought by Plaintiff Yasharala Kusso (hereinafter "Plaintiff"), an individual consumer, against Defendant StarMark Financial LLC (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in unfair, abusive, and deceptive collection practices.

### II. JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k (d) and 28 U.S.C § 1331. Venue in this District is proper as the Defendant transacts business in South Carolina.

### III. PARTIES

3. Plaintiff Yasharala Kusso is a natural person residing in the District of South Carolina. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Defendant StarMark Financial LLC is a debt collection company whose principal place of business is located at 800 Fairway Drive, Suite 190, Deerfield Beach, FL 33441, and regularly conducts business in the State of South Carolina.

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be

due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a (6).

### IV.  FACTUAL ALLEGATIONS

6. At all times relevant hereto, Defendant StarMark Financial LLC was engaged in the business of collecting consumer debts and using the mail, telephone, email, and other instruments of interstate commerce in its attempt to collect debts allegedly owed by consumers.

7. The alleged debt Defendant sought to collect from Plaintiff Yasharala Kusso was purportedly incurred for personal, family, or household purposes, thereby qualifying as a"debt" within the meaning of 15 U.S.C. § 1692a(5).

8. On June 26, 2025, StarMark Financial LLC emailed the plaintiff, attempting to collect a debt in the amount of $4,667.16, allegedly owed to Rise Credit of South Carolina LLC, d/b/a Rise. *(See Exhibit 1)*

9. On June 27, 2025, in accordance with 15 U.S.C. § 1692c(c), Plaintiff sent Defendant a written communication stating, "I refuse to pay this alleged debt." Defendant received the written communication on the same day.

10. Despite receiving Plaintiff's formal written notice to cease and desist all communication, Defendant negligently continued to contact Plaintiff via email and phone in an attempt to collect the alleged debt.

11. Defendant sent emails to Plaintiff on seventeen (17) separate occasions after receiving the cease and desist notice, in violation of 15 U.S.C. § 1692c(c), which expressly prohibits further communication by debt collectors after such a request has been made by a consumer.

12. Defendant sent emails to Plaintiff on seventeen (17) separate occasions after receiving the cease and desist notice, in violation of 15 U.S.C. § 1692c(c), which expressly prohibits further communication by debt collectors after such a request has been made by a consumer. These unlawful emails were sent on June 29, 2025; July 1, 2025; July 4, 2025; July 6, 2025; July 10, 2025; July 12, 2025; July 15, 2025; July 19, 2025; July 22, 2025; July 26, 2025; July 29, 2025; August 2, 2025; August 5, 2025; August 7, 2025; August 8, 2025; August 10, 2025; and August 13, 2025. *(See Exhibits 2-18)*

13. Additionally, on July 7, 2025, Defendant called Plaintiff by telephone after having received Plaintiff's written cease and desist notice, further violating 15 U.S.C. § 1692c(c) by continuing communication in connection with the collection of the alleged debt.

14. Plaintiff has suffered a concrete injury-in-fact, including invasion of privacy, annoyance, emotional distress, and harassment, as a result of Defendant's repeated communications after receipt of a written cease-and-desist notice. These harms are precisely the type of injuries Congress intended to prevent through enactment of the FDCPA.

15. Plaintiff has suffered actual damages as a result of the illegal debt-collection communications by Defendant StarMark Financial LLC, including but not limited to mental anguish, harassment, anxiety, decreased ability to focus on tasks while at work, wasted time, and frustration, among other negative emotions and mental distress.

## V. CAUSES OF ACTION
## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692c(c) and § 1692d)

16. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Under 15 U.S.C. § 1692c(c), if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or wishes the debt collector to cease further communication, the debt collector must not communicate further with respect to such debt, except to notify the consumer that collection efforts are being terminated or that specific legal remedies will be pursued.

18. Despite receiving Plaintiff's written notice on June 27, 2025, Defendant StarMark Financial LLC continued to send emails and make phone calls to Plaintiff in an attempt to collect the alleged debt, in direct violation of 15 U.S.C. § 1692c(c).

19. Defendant's repeated and unwanted communications after receipt of the cease-and-desist notice also constitute harassment and abuse under 15 U.S.C. § 1692d, which prohibits conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendant's actions, including sending seventeen (17) emails and making one phone call after being instructed to cease communication, were intentional, reckless, and negligent, and were made with disregard for Plaintiff's statutory rights.

21. Defendant's conduct was not the result of a bona fide error. Defendant's repeated violations demonstrate a pattern of deliberate disregard for the law rather than an isolated mistake. Moreover, Defendant failed to maintain reasonable procedures designed to prevent such violations, as required under 15 U.S.C. § 1692k(c), and should have had safeguards in place to ensure compliance with consumers' cease-and-desist notices.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered actual damages in the form of anger, harassment, anxiety, decreased ability to focus on tasks while at work, wasted time, and frustration, among other negative emotions and mental distress.

23. Plaintiff has also suffered a concrete injury-in-fact sufficient to confer Article III standing. Under Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) and TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), a statutory violation itself can satisfy the injury requirement when it bears a close relationship to traditionally recognized harms such as invasion of privacy and emotional distress. Defendant's continued and unwanted

communications after a written cease notice constitute both a statutory violation and a concrete injury.

24. Accordingly, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000, costs of litigation, and reasonable fees pursuant to 15 U.S.C. § 1692k(a).

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yasharala Kusso respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant StarMark Financial LLC, and award the following relief:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for emotional distress, anxiety, harassment, frustration, time wasted, and other harm resulting from Defendant's unlawful conduct;
b. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for Defendant's multiple violations of the Fair Debt Collection Practices Act;
c. Such other and further relief as this Court deems just and proper.

## VII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## VIII.   CONCLUSION AND SIGNATURE

Respectfully submitted this 27th day of October, 2025.

*Yasharala Kusso*
Yasharala Kusso
100 Trowbridge Road
Columbia, SC 29229
yasharahlakusso@myyahoo.com